CLD-110                                    NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 24-1610

_____

IN RE: MICHAEL RINALDI,
                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 3:21-cv-00225)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 18, 2024

Before: KRAUSE, FREEMAN, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2024)
_____

OPINION[*]
_____

PER CURIAM

Michael Rinaldi filed a petition for writ of mandamus requesting that we direct the

District Court to rule on a "Motion to Dismiss" **(ECF 8)** and a "Verified Claim" **(ECF 9)**

that he filed in a civil action in which the Government seeks forfeiture of $18,010 in

currency. On the same day that Rinaldi signed the mandamus petition, the District Court

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

denied his "Motion to Dismiss" and ordered that his "Verified Claim" be stricken for lack of Article III standing.  **(ECF 25 & 26.)**  In light of the District Court's action, the question Rinaldi presented is no longer a live controversy, so we will dismiss his mandamus petition as moot.  See Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."  (citation omitted)).